RONEY, Circuit Judge,
dissenting:
I respectfully dissent. I would affirm the district court’s denial of plaintiffs’ claim.
First, since the state in its brief has conceded that “absent the effect of the 21st Amendment and/or the Webb-Kenyon Act, prohibition of direct shipment (of alcoholic beverages to consumers in interstate commerce) would violate the dormant commerce clause,” I would accept that concession and not decide that stand-alone issue.
Second, I would hold that Florida’s direct shipment laws are constitutional under § 2 of the 21st Amendment of the United States Constitution, based upon the reasoning of the district court. Bainbridge v. Bush, 148 F.Supp.2d 1306 (M.D.Fla.2001).
In these credit card days of easy purchase by telephone and internet, this statute reflects the “core” concerns of the 21st Amendment that alcoholic beverages not be sold to underage consumers and not be sold effectively unregulated and untaxed. This court improperly treats as equal the prospective loss of a beverage license to an in-state firm and the loss of a Florida beverage license of an out-of-state firm, if one is required at all. One would put the firm out of business, the other would simply restrict the market by a state. Likewise, there is a distinct difference between an in-state firm being able to deliver by a vehicle owned or leased by it, a vehicle presumably registered and licensed by Florida, and an out-of-state firm being able to deliver by out-of-state vehicles which it owns or leases, over which the state of Florida has little control. The jurisdictional barriers to enforcement of Florida’s beverage laws against out-of-state firms selling and delivering directly to consumers justifies the constitutionality of the statutes claimants seek to hold unconstitutional.